**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF TREY JOYNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1:10-cv-01500 (RLW) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT THE DISTRICT OF COLUMBIA'S
MOTION FOR SUMMARY JUDGMENT**

Defendant the District of Columbia ("the District"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 56(c) moves this Honorable Court to grant judgment in favor of the District on Counts III and IV of the Amended Complaint. Plaintiff cannot prevail on Count III and IV of the Complaint because the District's sole employee on the scene used no force against the decedent Trey Joyner. The reasons for dismissal are more fully set forth in the Memorandum of Points and Authorities attached hereto and made a part hereof.

WHEREFORE, the District respectfully requests that its Motion be granted and that judgment be entered in its favor on Counts III and IV of the Amended Complaint.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/s/   Soriya R. Chhe
SORIYA R. CHHE [986736]
Assistant Attorney General

441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
Tel: (202) 724-6522
Fax: (202) 741-0581
soriya.chhe@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ESTATE OF TREY JOYNER, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1:10-cv-01500 (RLW) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT**
**THE DISTRICT OF COLUMBIA'S MOTION FOR SUMMARY JUDGMENT**

Defendant, the District of Columbia ("the District"), by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 56(c), moves this Honorable Court to grant summary judgment in favor of the District, stating:

*Statement of Facts and Background*

On Monday July 8. 2009, U.S. Park Police Detective Irving Edwards, badge 665, received information from a confidential source that Trey Joyner was in the Trinidad neighborhood armed with a handgun. *See* Exhibit A – MPD Police Report at 2.[1] Two law enforcement vehicles responded to the scene. *Id.* at DC 000002 – DC 000004. Detective Irving responded in a vehicle with MPD Detective Dan Lewis as the passenger. *Id.* at DC 000002. U.S. Park Police Detective Jonathan Daniels, badge 62, responded in a vehicle with U.S. Park Police Detectives Glenn Luppino, badge 687, and Wayne Humberson, badge 635 as passengers. *Id.* at DC 000003 – DC 000004.

After arriving in the Trinidad area, Detective Daniels pulled up behind Joyner's vehicle. *Id.* Detective Edwards pulled up alongside of Joyner's vehicle, at which time he notice Joyner retrieving an object from the floor board area. *Id.* at DC 000002. Detective Humberson

---
[1] Exhibit A will be filed under seal pursuant to protective order.

approached Joyner's vehicle from the driver side in a traffic stop. *Id.* at DC 000004. As Detective Humberson approached the vehicle, he saw the driver door open and a black semi-automatic handgun on the roadway directly outside Joyner's driver's door. *Id.* Detective Edwards, Daniels, and Luppino saw that as Joyner exited his vehicle, an object dropped to the ground. *Id.* at DC 000002 – 000004. Detectives Edwards, Daniels and Luppino saw Joyner bend over to pick up the object. *Id.* Joyner picked up the handgun. *Id.*

Detective Humberson then initiated physical contact with Trey Joyner in an attempt to subdue him. *Id.* at 000004. During the struggle, Joyner had a gun in his hand and pointed it toward Detective Humberson. *Id.* Detective Humberson grabbed Trey Joyner with his left hand and continued to struggle with Joyner, while giving verbal commands to drop the gun. *Id.* Detective Humberson then drew his service weapon as he continued to redirect Joyner's gun away from him and the other officers. *Id.* In fear for his safety and that of others, Detective Humberson fired his service weapon once and heard additional gunshots. *Id.* Detective Daniels observed Joyner break loose and point his gun at them and fired three shots in response. *Id.* at 000003. Detective Luppino, observing the gun pointed at Detective Humberson after Joyner broke loose, fired two shots. *Id.* Detective Edwards, also observing the gun pointed at Detective Humberson after Joyner broke loose, fired one shot. *Id.* at DC 000002. The U.S. Park Police Detectives collectively fired 7 shots. MPD Detective Lewis observed the incident, but did not fire his service weapon. *Id.* at DC 000003.

Trey Joyner was transported to Medstar, where he died as a result of his injuries and was pronounced dead at 2102 hours. *Id.* at DC 000002. His remains were transported to the D.C. Office of the Chief Medical Examiner. *Id.* An investigation was initiated and evidence from the scene was collected for analysis. *Id.* Statements were given by all seven law enforcement

officers who were present at the time the shots were fired. *Id.* at DC 000002 – DC 000004. Six of the seven law enforcement officers are members of the U.S. Park Police. *Id.* Only one of the law enforcement officers is a member of the District of Columbia Metropolitan Police Department. *Id.* An autopsy was performed. *See* Exhibit B - Joyner Autopsy Report.[2] According to the autopsy, Joyner sustained 7 gunshot wounds. *Id.* Trey Joyner died from multiple gunshot wounds and injuries to his lungs, heart, aorta, and liver. *Id.*

Service weapons of all seven law enforcement officers who were present were collected on scene. *See* Exhibit C – Ballistics Report.[3] Seven caliber .40 S&W cartridge cases which were recovered from the scene and identified as having been Heckler& Koch, caliber .40 S&W semi-automatic pistols. *Id.* The United States Park Police (U.S.P.P.) Detectives who were involved in the shooting were all issued U.S.P.P. Issued Heckler & Kock, .40 S&W caliber, semiautomatic pistol. *Id.* The ballistics report revealed the following:

- Two (2) cartridge casings collected from the scene was fired from U.S.P.P. Detective Wayne S. Humberson's service weapon, serial number serial number 123-003419;

- One (1) cartridge casing collected from the scene was fired from U.S.P.P. Detective Glenn Luppino's service weapon, serial number 123-003627,

- Three (3) cartridge casings collected from the scene were fired from U.S.P.P. Detective Jonathan Daniel's service weapon, serial number 123-003456, and

- One (1) cartridge casing collected from the scene was fired from U.S.P.P. Detective Irving P. Edwards' service weapon, serial number 123-003187.

MPD Detective Daniel Lewis, who was carrying an MPD Issued Glock, .9mm caliber, semiautomatic pistol with an inserted 15 cartridge capacity magazine, was not short any cartridges in his service weapon. *Id.* No shell casings from .9mm caliber pistol were recovered on the scene. *Id.*

---

[2] Exhibit B will be filed under seal pursuant to protective order.
[3] Exhibit C will be filed under seal pursuant to protective order.

On June 7, 2010, Plaintiff initiated the within lawsuit against the District of Columbia, the United States and six unnamed officers of the United States Park Police. The United States government was dismissed as a party. On October 10, 2012, Plaintiff filed an amended complaint against the District of Columbia and named all the six members of the United States Park Police individually. Plaintiff asserted four counts against all of the named Defendants, including the District of Columbia, Count I for violation of the decedent's Fourth and Fourteenth Amendment rights under 42 U.S.C. §1983 and Wrongful Death, Count II for violation of the decedent's Fourth and Fourteenth Amendment rights under 42 U.S.C. §1983 and Survival Act, Count III for Assault and Battery under Wrongful Death, and Count IV for Assault and Battery under the Survival Act. The six individual U.S. Park Police Officers were dismissed. The Court also dismissed all constitutional claims, Counts I and II, against the District of Columbia. Count III and IV against the District of Columbia are the remaining claims before the Court.

Based on the foregoing facts, Defendant the District of Columbia, by and through the undersigned counsel, now move this Court to grant judgment in favor of the District on the remaining claims, Counts III and IV, of the Amended Complaint.

*Argument*

I. **STANDARD OF REVIEW**

**Motions for Summary Judgment**

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence.

*Ferguson v. District of Columbia,* 629 A.2d 15, 19 (D.C. 1993).  Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id; Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195, 198 (D.C. 1991). In other words, the non-moving party must show that a legal theory remains viable under the asserted version of the facts and produce enough evidence to make out a *prima facie* case in support of the claim. *Smith v. Washington Metropolitan Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993).  To oppose such a motion successfully, the party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). But if such party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial[,]" then rule 56(c) mandates that summary judgment must be granted. *Celotex*, *supra*, 477 U.S. at 322.  Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Smith*, *supra*, 631 A.2d at 390.

"A motion for summary judgment should be granted if (1) taking all reasonable inferences in the light most favorable to the nonmoving party, (2) a reasonable juror, acting reasonably, could not find for the nonmoving party, (3) under the appropriate burden of proof." *Galloway v. Safeway Stores, Inc.* 633 A.2d 736, 738 (D.C. 1993), quoting *Nader v. Toledano,* 408 A.2d 31, 42 (D.C. 1979), *cert. denied* 444 U.S. 1078 (1980).  In reviewing the grant of summary judgment, this Court must conduct an independent review of the record, *Smith, supra,* 631 A.2d at 390, and determine whether the record demonstrates that there is no genuine issue of fact from which a jury could find for the nonmoving party. *Nader, supra,* 408 A.2d at 42.

In the present case, there is no dispute as to material facts which would lead a jury to find

for the Plaintiff against the District of Columbia on Counts III and IV of the Amended Complaint.  Therefore, the District is entitled to judgment as a matter of law.

## II.   COUNTS THREE AND FOUR FOR COMMON LAW ASSAULT AND BATTERY FAILS BECAUSE MPD DETECTIVE DANIEL LEWIS DID NOT USE ANY FORCE ON THE DECEDENT.

Counts III and IV of Plaintiff's Complaint are state tort claims for assault and battery under the theory of Wrongful Death and the Survival Act.  Plaintiff alleges that the District of Columbia assaulted and battered the decedent Trey Joyner.  Plaintiff cannot prevail on this claim because according to the undisputed evidence the only District of Columbia employee on scene, Metropolitan Police Department Detective Daniel Lewis, did not fire any gun shots and had no physical contact with the decedent.

"The test for qualified privilege in an assault and battery suit is both subjective and objective: the officer must subjectively believe that he or she used no more force than necessary, but the officer's judgment is compared to that of a hypothetical reasonable police officer placed in the same situation." *Scales v. District of Columbia*, 973 A.2d 722, 730 (D.C. 2009)  "A police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary." *Evans-Reid v. District of Columbia*, 930 A.2d 930, 937 (D.C. 2007) (citing *Jackson v. District of Columbia*, 412 A.2d 948, 955 (D.C. 1980) (citing RESTATEMENT (SECOND) OF TORTS § 18 (1965))). "The officer's judgment is to be reviewed 'from the perspective of a reasonable officer on the scene,' with allowance for the officer's need to make quick decisions under potentially dangerous circumstances." *Rogala v. District of Columbia*, 333 U.S. App. D.C. 145, 158, 161 F.3d 44, 57 (1998) (quoting *Etheredge v. District of Columbia*, 635 A.2d 908, 916

(D.C. 1993)).  Here, Detective Lewis used no force against the decedent.  He was simply present and witnessed the shooting.  According to the medical evidence, the decedent sustained seven gunshot wounds and his death was caused by multiple gunshot wounds.  All of the Park Police Detectives involved admitted to firing their weapons at least seven times collectively.  The ballistics reports confirmed that the shell casings that were recovered on the scene were fired by service weapons owned by the U.S. Park Police Detectives.  Detective Lewis' service weapon was examined on the scene and was not missing any cartridges.  None of the shell casings recovered was fired from Detective Lewis' service weapon.  Under these facts, no reasonable jury could find that Detective Lewis assaulted or battered the Plaintiff.  Thus, the District of Columbia is entitled to judgment as a matter of law under the theory of *respondeat superior* liability.

## *Conclusion*

Accordingly, Defendant the District of Columbia requests this Honorable Court to enter judgment in its favor.

Respectfully submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/  Kimberly M. Johnson
KIMBERLY M. JOHNSON [435163]
Chief, Civil Litigation Sec. I

/s/   Soriya R. Chhe
SORIYA R. CHHE [986736]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001

Tel: (202) 724-6522
Fax: (202) 741-0581
soriya.chhe@dc.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF TREY JOYNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1:10-cv-01500 (RLW) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Upon consideration of the Defendant the District of Columbia's Motion for Summary Judgment, any Opposition thereto, the record herein, and for the reasons stated in defendant's motion it is by the Court this _____ day of _____, 2013,

ORDERED: that the defendant's Motion is GRANTED; and it is

FURTHER ORDERED: that judgment is entered in favor of Defendants District of Columbia on Counts III and IV of the Complaint; and it is

FURTHER ORDERED: that this case is DISMISSED in its entirety WITH PREJUDICE.

_____
ROBERT WILKINS,
United States District Judge

Electronic copies to:

Soriya R. Chhe
Assistant Attorney General
*Counsel for the District*

John Drury, Esq.
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF TREY JOYNER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 1:10-cv-01500 (RLW) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant the District of Columbia, in the above-captioned case, submit the following statement of undisputed material facts in support of its motion for summary judgment.

1. Metropolitan Police Department Detective Daniel Lewis was the only District of Columbia employee on scene at the time U.S. Park Police Officers shot the decedent, Trey Joyner. *See* Exhibit A – MPD Police Report.

2. U.S. Park Police Detective Wayne Humberson fired his service weapon once. *Id.* at DC 000004.

3. U.S. Park Police Detective Daniels Detective Daniels fired his service weapon three times. *Id.* at DC 000003.

4. U.S. Park Police Detective Luppino, fired his service weapon twice. *Id.* at DC 000003.

5. U.S. Park Police Detective Edwards fired his service weapon once. *Id.* at DC 000002.

6. MPD Detective Lewis observed the incident, but did not fire his service weapon. *See* Exhibit A & C – Ballistics Report.

7. Trey Joyner sustained 7 gunshot wounds and died from multiple gunshot wounds

and injuries to his lungs, heart, aorta, and liver.  *See* Exhibit B.

8. Five Bullets that were recovered from Trey Joyner's body were caliber .40 *S&W/I0mm* copper jacketed bullets.  *See* Exhibit C at 2 and 13.

9. Service weapons of all seven law enforcement officers who were present were collected on scene. *See* Exhibit C – Ballistics Report at 9-12.

10. Seven caliber .40 S&W cartridge cases which were recovered from the scene and identified as having been Heckler& Koch, caliber .40 S&W semi-automatic pistols.  *Id.* at 1-3

11. The United States Park Police Detectives who were involved in the shooting were all issued U.S.P.P. Issued Heckler & Kock, .40 S&W caliber, semiautomatic pistol.  *Id.* at 9 – 12.

12. Two (2) cartridge casings collected from the scene was fired from U.S.P.P. Detective Wayne S. Humberson's service weapon, serial number serial number 123-003419. *Id.* at 1-3 and 9.

13. One (1) cartridge casing collected from the scene was fired from U.S.P.P. Detective Glenn Luppino's service weapon, serial number 123-003627. *Id.* at 1-3 and 9.

14. Three (3) cartridge casings collected from the scene were fired from U.S.P.P. Detective Jonathan Daniel's service weapon, serial number 123-003456. *Id.* at 1-3 and 10.

15. One (1) cartridge casing collected from the scene was fired from U.S.P.P. Detective Irving P. Edwards' service weapon, serial number 123-003187. *Id.* at 1-3 and 10.

16. At the time of the incident, MPD Detective Daniel Lewis was carrying an MPD Issued Glock, .9mm caliber, semiautomatic pistol with an inserted 15 cartridge capacity magazine. *Id.* at 12.

17. MPD Detective Lewis' service weapon was not short any cartridges in his service weapon.  *Id.*

18. MPD Detective Lewis made no physical contact with the decedent, Trey Joyner. *See* Exhibit A.

19. No shell casings from MPD Detective Lewis' .9mm caliber pistol were recovered on the scene. *Id.* and Exhibit C.

          Respectfully submitted,

          IRVIN B. NATHAN
          Attorney General for the District of Columbia

          GEORGE C. VALENTINE
          Deputy Attorney General, Civil Litigation Division

          /s/ Kimberly M. Johnson
          KIMBERLY M. JOHNSON [435163]
          Chief, Civil Litigation Sec. I

          /s/ Soriya R. Chhe
          SORIYA R. CHHE [986736]
          Assistant Attorney General
          441 4TH Street, NW, 6th Floor-South
          Washington, D.C. 20001
          Tel: (202) 724-6522
          Fax: (202) 741-0581
          soriya.chhe@dc.gov